United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT YOUNG, (TDCJ–CID #498872) Petitioner, | § § § § § | CIVIL ACTION NO. 4:20–cv–03620 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, Respondent. | § § | |

**MEMORANDUM ON DISMISSAL**

The motion for summary judgment by Respondent Bobby Lumpkin is granted. Dkt 8. The petition for a writ of *habeas corpus* brought by Petitioner Robert Young is dismissed for failure to exhaust administrative remedies. Dkt 1.

1. Background

Young was convicted of possession of cocaine on December 13, 1988 in the 344th Judicial District Court of Chambers County, Texas, in cause number 6593. He's serving a twenty-five-year sentence and is eligible for mandatory supervision. Dkt 8-2 at 2. Inquiry to the Texas Department of Criminal Justice reveals that Young was released on parole in October 1990, which was revoked in April 2005. He was then again released on parole in October 2007, which itself was revoked in October 2016. His maximum expiration date is April 28, 2032.

Young here challenges prison disciplinary proceeding number 20200182085. Dkt 1 at 5. In that regard, he was notified on April 27, 2020, that he was being charged with the prison disciplinary offense of threatening to inflict harm on an officer. Dkt 9-2 at 3. The disciplinary hearing officer found Young guilty three days later. The officer assessed punishment as loss of

commissary and recreational privileges for forty-five days; a reduction in line class from state-approved trusty line 2 to line 1; and loss of 180 days of good-time credits. Dkt 9-2 at 3.

Young submitted grievance number 2020114700 as his Step 1 grievance on May 1, 2020. He complained there that he hadn't threatened an officer. It was denied on May 20, 2020. Dkt 9-1 at 6. Young then filed his Step 2 grievance on May 29, 2020. He complained there that he wasn't allowed to call witnesses. It was denied on July 30, 2020. Id at 4.

Young filed his federal petition on October 22, 2020. He contends that his disciplinary conviction is void because the disciplinary hearing officer didn't call defense witnesses. See Dkt 1 at 6. Lumpkin moves for summary judgment based on failure to exhaust administrative remedies. Dkt 8.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. See also *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Supreme Court holds that "the substantive law will identify which facts are material." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986); see also *Nola Spice Designs LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015).

The scope of federal review on *habeas corpus* is limited by the "intertwined doctrines" of both exhaustion and procedural default. *Bledsue v Johnson*, 188 F3d 250, 254 (5th Cir 1999). These are intertwined because a failure to exhaust may also result in procedural default.

*As to exhaustion*. The Anti-Terrorism and Effective Death Penalty Act of 1996 requires that a person in custody pursuant to the judgment of a state court generally must exhaust available state remedies prior to filing a petition for a writ of *habeas corpus* in federal court. This exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty v*

2

*Thaler*, 583 F3d 244, 253 (5th Cir 2009) (internal citations omitted, alteration in original).

Title 28 USC § 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Texas state courts won't entertain *habeas corpus* challenges to prison disciplinary proceedings. *Ex parte Palomo*, 759 SW2d 671, 674 (Tex Crim App 1988), citing *Ex parte Brager*, 704 SW2d 46 (Tex Crim App 1986). And so the Fifth Circuit requires state prisoners desiring to challenge prison disciplinary decisions to instead exhaust the TDCJ's two-step administrative grievance procedures. The Fifth Circuit describes the TDCJ process as "a detailed, complex and carefully thought-out program" that is designed "to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright v Hollingsworth*, 260 F3d 357, 358 (5th Cir 2001); see also *Johnson v Johnson*, 385 F3d 503, 515 (5th Cir 2004) (citation omitted) (outlining two-step grievance procedure).

Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. The inmate should then receive a response from the unit official. Step 2 then requires the inmate to appeal within fifteen days if unsatisfied with the response, which is handled at the state level. *Johnson*, 385 F3d at 515. A prisoner must raise any pertinent issue in *both* steps of the grievance procedure in order to file suit in federal court. Ibid, citing *Wright,* 260 F3d at 358. The Fifth Circuit acknowledges that this is a "strict approach," under which "mere 'substantial compliance' with administrative remedy procedures" isn't enough to exhaust properly. *Dillion v Rogers*, 596 F3d 260, 268 (5th Cir 2010) (citations omitted).

The Fifth Circuit recognizes exceptions to the exhaustion requirement. But such exceptions "are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v Rich*, 11 F3d 61, 62 (5th Cir 1994), quoting *Hessbrook v Lennon*, 777 F2d 999, 1003 (5th Cir 1985). Such exceptions to the exhaustion requirement only apply "in 'extraordinary circumstances,'" with the federal petitioner bearing "the burden of demonstrating the futility of administrative review." *Fuller*, 11 F3d at 62, quoting *DCP Farms v Yeutter*, 957 F2d 1183, 1189 (5th Cir), cert denied, 506 US 953 (1992) (exhaustion as to claims under Administrative Procedures Act); see also *Gardner v School Board Caddo Parish*, 958 F2d 108, 112 (5th Cir 1992).

*As to procedural default.* If a petitioner fails to exhaust state remedies (or to satisfy an exception to exhaustion) and the state court would find the claims procedurally barred, then "there is a procedural default for purposes of federal habeas." *Coleman v Thompson*, 501 US 722, 735 n 1 (1991). Thus, in line with the text of § 2254(b)(2), a district court reviewing the claims of a *habeas* petitioner who fails to satisfy the exhaustion requirement may dismiss the action on *either* procedural-default grounds *or* on the merits. *Trevino v Davis*, 829 F3d 328, 341 (5th Cir 2016). This means that procedural default functions as a "corollary to the

4

habeas statute's exhaustion requirement," similarly constricting the scope of federal review on *habeas corpus*. *Dretke v Haley*, 541 US 386, 392–93, (2004); see also *Coleman*, 501 US at 729.

Procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v Thaler*, 602 F3d 291, 305 (5th Cir 2010), quoting *Bagwell v Dretke*, 372 F3d 748, 755 (5th Cir 2004). The Fifth Circuit holds, "Federal habeas review of procedurally defaulted claims is barred 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Hughes v Quarterman*, 530 F3d 336, 341 (5th Cir 2008), quoting *Coleman*, 501 US at 750.

    3.   Analysis

Petitions for a writ of *habeas corpus* from prisoners proceeding *pro se* aren't held to the same stringent and rigorous standards as are pleadings filed by lawyers. *Hernandez v Thaler*, 630 F3d 420, 426 (5th Cir 2011, *per curiam*) (citations omitted). But that doesn't relax the exhaustion requirement that is mandated by law.

Young's asserted ground for *habeas corpus* relief is that the disciplinary hearing officer didn't allow him to call witnesses at the disciplinary hearing. Dkt 1 at 6. But in his Step 1 grievance, Young alleged only that he didn't threaten a prison officer. Dkt 9-1 at 5–6. It was in his Step 2 grievance that he first complained of the denial of witnesses. Id at 3–4. As such, Young didn't raise his denial-of-witnesses claim in both steps.

Young hasn't demonstrated (and nothing otherwise suggests) that he's met his burden to establish that the administrative remedies either are *unavailable or wholly inappropriate* or that any attempt to exhaust those remedies would be *patently futile*. To the contrary, such remedies are plainly available and appropriate to address his complaint. Young has instead simply failed to give the TDCJ requisite notice of his claims and proper opportunity to resolve the issues he now raises in federal court.

5

The claim is now procedurally defaulted, as it is well beyond the time within which the claim could be timely presented under the administrative grievance process. And again, Young hasn't demonstrated (and nothing otherwise suggests) that any excuse exists permitting review of his claim at this juncture.

Respondent is entitled to summary judgment.

### 4. Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC § 2253(c)(2). This requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 US 473, 484 (2000) (citation omitted). Where the court denies relief based on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." Ibid.

The Court finds that jurists of reason wouldn't debate whether any procedural ruling in this case was correct. As such, Young hasn't made the necessary showing to obtain a certificate of appealability.

A certificate of appealability will be denied.

### 5. Conclusion

The motion by Respondent Bobby Lumpkin for summary judgment is GRANTED. Dkt 8. The pleadings and state-court records show that Petitioner Robert Young hasn't exhausted his administrative remedies.

The petition for a writ of *habeas corpus* brought by Petitioner Robert Young under 28 USC § 2254 is DISMISSED WITHOUT PREJUDICE. Dkt 1.

A certificate of appealability is DENIED.

Any other pending motions are DENIED AS MOOT.

SO ORDERED.

Signed on August 11, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge